Hon. Mary Estill Buchanan Colorado Secretary of State 1575 Sherman Street Denver, Colorado 80203
Dear Ms. Buchanan:
I am writing in response to your June 26, 1980 request for an attorney general's opinion on questions concerning the nomination of presidential electors and the designation of the names of the presidential and vice-presidential nominees for whom they stand.
QUESTIONS PRESENTED AND CONCLUSIONS
I have altered the order of the question you have presented, for the purpose of clarifying my analysis of these questions.
1. May the secretary of state require that an independent nominating petition for presidential electors include the names of the presidential and vice-presidential nominees?
and
2. May the secretary of state require that the certificate of nomination for political party presidential electors include the names of the presidential and vice-presidential nominees?
 The answer is no. It is my opinion that the petition and certificate may designate the presidential and vice-presidential nominees; but that designation may not be required.
3. If an independent nominating petition for presidential electors includes a nominee for president must it also include a vice-presidential nominee?
 Yes. Presidential and vice-presidential nominees are joint candidates for purposes of the ballot, and a nomination for president must include a nomination for vice-president.
4. If the certificate of nomination for presidential electors of the political parties does not contain the names of the presidential and vice-presidential nominees by what method and what time should such nominees be certified to the secretary of state?
 In accord with your past administrative practice, certification of the names of presidential and vice-presidential nominees may be made by the presiding officer of the national party convention prior to the 45th day before the general election.
5. If independent nominating petitions for presidential electors do not contain the presidential and vice-presidential nominees by what method and what time should such nominees be certified to the secretary of state for placement of the ballot pursuant to C.R.S. 1-4-207(3)?
 In the absence of specific statutory direction, certification may be made by the duly nominated presidential electors standing for the particular nominees. Such certification should be made prior to the 45th day before the general election.
ANALYSIS
1. The secretary of state may not require that an independent nominating petition for presidential elector candidates contain the names of the nominees for president and vice-president.
C.R.S. 1973, 1-14-301(1)(a) states:
 (a) A petition for nominating independent candidates shall be prepared which shall contain the names and addresses of any candidates for the offices to be filled. The petition shall designate in not more than three words the political or other name which the signers select. No name of any political party as defined in articles 14 and 15 of this title shall be used, in whole or in part, for this purpose. Any such petition for a candidate for governor shall also include a candidate for lieutenant governor, and together they shall be considered joint candidates at the general election. In the case of nominations for electors of president and vice-president of the United States, the names of the candidates for president and vice-president may
be added to the political or other name designated on the petition.
(Emphasis added.)
The "candidates" on the petition are the electors; they, in turn, stand for the presidential and vice-presidential nominees. (See C.R.S. 1973, 1-4-207(3)).
The clear language of C.R.S. 1973, 1-14-301(1)(a) provides that the petition shall designate, in not more than three words, the political or other name the signers have selected. Designation of a political name is a mandatory requirement. The designation of a president and vice-presidential nominee is discretionary; those names may be added to the political name on the petition.
An independent nominating petition which contains a designation of a political or other name satisfies the statutory requirement, and the secretary of state may not require that the designation of the presidential and vice-presidential nominees appear upon the petition.
2. The reasoning in (1) above, is also applicable to the nomination of presidential electors by a political party.
C.R.S. 1973, 1-14-107(2)(b) and (2)(e) provide:
 (b) The certificate of nomination shall contain the name of the office for which each person is nominated and the name and address of each such person and shall designate, in not more than three words, the political party which the convention or committee represents.
 (e) In the case of electors of president and vice-president of the United States, the names of the candidates for president and vice-president may be added to the name of the political party in the certificate of nomination.
As in the case of independent nominating petitions, the designation of presidential and vice-presidential nominees is discretionary, and such designation may not be required by the secretary of state.
3. If an independent nominating petition includes the name of a presidential nominee, it must also include the name of the vice-presidential nominee.
C.R.S. 1973, 1-4-207(3) provides that, in terms of placement on the general election ballot, the names of presidential and vice-presidential nominees shall appear in lieu of the names of the presidential electors. That section states:
 (3) Every ballot shall contain the names of all candidates for offices to be voted for at that election whose nominations have been duly made and accepted as provided in articles 14 and 15 of this title, except those who have died or withdrawn, and the ballot shall contain no other names; except, when presidential electors are to be elected, their names shall not be printed upon the ballot, but in lieu thereof the names of the candidates of their respective political parties or political organizations for president and vice president of the United States shall be printed together in pairs under the title "Presidential Electors". Such pairs
shall be arranged in alphabetical order of the names of the candidates for president in the manner provided for in section 1-4-208. A vote for any such pair of candidates shall be a vote for the duly nominated presidential electors of the political party or political organization by which such candidates for president and vice-president of the United States were named. The names of joint candidates of their respective political party or political organization for the office of governor and the office of lieutenant governor shall be printed in pairs. Such pairs shall be arranged in the alphabetical order of the names of candidates for governor in the manner provided for in section 1-4-208. A vote for any such pair of candidates shall be a vote for each of the duly nominated joint candidates of the political organization by which such candidates for governor and lieutenant governor were named. . .
It is my opinion that persons nominated by the political parties and organizations for the offices of president and vice-president are joint candidates. Clearly, C.R.S. 1973, 1-4-208 anticipates that there are joint candidates in addition to the governor and lieutenant governor. That section provides:
 In all general or special elections in precincts using paper ballots, the names of all candidates and joint candidates who have been duly nominated for office shall be arranged on the ballot under the designation of the office in two groups. The names of the candidates of the two major political parties shall be listed in alphabetical order and shall comprise the first group; except that the joint candidates for governor and lieutenant governor shall be arranged in the alphabetical order of the names of the candidates for governor. The names of the candidates and joint candidates of the remaining political parties or political organizations shall be listed in alphabetical order and shall comprise the second group; . . .
(Emphasis added.)
The statutes cited clearly anticipate that the president and vice-president are names which are "paired" on the general election ballot as joint candidates. The voter has but one vote to cast for any pair of presidential nominees, such vote to be considered toward the election of the presidential electors. It is therefore consistent with 1-4-207 and 1-4-208 to consider such persons as joint candidates. As such, they are designated by the electors as a pair, appear upon the ballot as a pair, and are voted for as if they were one "candidate."
It is therefore my opinion that where a presidential nominee is named on the petition, a vice-presidential nominee must also be named. This would apply whether the names of such nominees appear upon the petition or were certified to the secretary of state by the electors, as discussed in (4), below.
4. and 5. C.R.S. 1973, 1-4-101 provides, in section (1), that at least thirty days prior to a general election, the secretary of state shall provide written notice to the county clerk and recorders of the national, state and district officers to be elected at that election. That statute also requires that the names of the candidates, the order of the ballot, and the ballot content for an election be included in the notice.
As noted above, the "candidates" in a general election are the presidential electors, and not those nominees for the offices of president and vice-president. Because the presidential and vice-presidential nominees for whom the electors stand are not themselves candidates for office, the provisions for nominating candidates by vacancy committee under C.R.S. 1973, 1-14-211(4) is applicable only to the electors, and not to the nominees. However, the names of the electors do not appear upon the ballot. C.R.S. 1973, 1-4-207(3) provides that "in lieu of (the electors' names), the names of the candidates . . . for president and vice-president shall be printed . . . under the title `Presidential Electors.'"
When neither the independent nominating petition nor the certificate of nomination for presidential electors designate presidential and vice-presidential nominees, the Colorado statutes do not explicitly provide a mechanism for certifying such names to the secretary of state. The secretary of state should require certification that, under the circumstances, can be considered to be from a reliable official source.
Political parties may have rules of procedure which require that the names of their respective presidential and vice-presidential nominees be chosen by national party convention. These are rules of party organization, and are a matter exclusively within the jurisdiction of a party. C.R.S. 1973, 1-14-109. It is my understanding that the secretary of state has historically accepted a certificate of the presiding officer of the national convention as evidence of the names of the political party nominees for president and vice-president. In the absence of statutory specification, it is within your administrative discretion to continue to utilize this method of certification for political party nominees.
In the case of independent nominating petitions, it is my opinion that the individuals nominated as presidential electors may certify the names of the persons for whom they stand to the secretary of state. The electors are the persons that are to be elected in the stead of the presidential and vice-presidential nominees. They are the only individuals required by statute to have their names and acceptances on file with your office. Certification of the names of the presidential and vice-presidential nominees that they represent, by those electors, provides a reliable means by which to determine the appropriate independent nominees for president and vice-president. The procedures of a political organization nominating independent electors under C.R.S. 1973, 1-14-301 may provide for designation of president and vice-president by the national or state organization, if any. In that instance, certification of the nominees for president and vice-president by such organization may be accepted by your office as additional corroboration and verification of the nominees.
It is my opinion that certification of presidential and vice-presidential nominees must be presented to the secretary of state forty-five days prior to the general election whether such certification is for independent or political party nominees. I reach this conclusion with regard for the administrative problems inherent in certifying the general election ballot to the counties at least thirty days before the general election.
The chronology of statutory requirements preceding the certification of the ballot is important. First, the petitions for nominating independent presidential elector candidates must be filed with the secretary of state at any time prior to 3 p.m. on the Tuesday preceding the primary election. C.R.S. 1973, 1-14-301(1)(h). This allows adequate time to determine the legality and sufficiency of such petitions prior to ballot certification. C.R.S. 1973, 1-14-212(1). The certificates of nomination for all candidates, including the presidential electors of the political parties must be filed with the secretary of state no later than forty-five days preceding the general election. C.R.S. 1973, 1-14-107(3).
It is my opinion that the deadline for certification of nominees by the presidential electors must be the same date, whether the nominees are of a political party or an independent political organization. Interpreting the election laws to allow the greatest access to the ballot, the deadline for such certification should be the latest date which still allows the secretary of state to complete and certify the ballot thirty days before the general election. Because the statutes allow filing of certificates of nomination up to forty-five days before the general election, it is my conclusion that that date should be adopted as the administrative deadline for certification of the names of presidential nominees.
SUMMARY
It is my conclusion that the secretary of state may not require that an independent nominating petition for presidential electors include the names of the presidential and vice-presidential nominees of the political organization. C.R.S. 1973, 1-14-301(1)(a) clearly provides that the designation of those names on the petition is discretionary. However, if the petition designates a presidential nominee, it must also designate a vice-presidential nominee, as those nominations are for joint candidates. Similarly, under C.R.S. 1973, 1-14-107(2)(e), a certificate of nomination for electors of a political party may include a designation of the presidential nominees of the party, but such designation may not be required by the secretary of state.
The Colorado statutes do not provide a method by which the names of the presidential and vice presidential nominees of either a political party or a political organization are certified to the secretary of state for placement on the general election ballot. In the absence of specific statutory direction, the secretary of state should require certification that, under the circumstances, can be considered to be from a reliable official source. Certification of independent nominees may be made by the duly nominated independent presidential electors who stand for the independent nominees. Certification of the nominees of a political party may be made by the presiding officer of the national party convention, in accord with the past administrative practice of the secretary of state. In every instance, the names of presidential and vice-presidential nominees should be certified to the secretary of state prior to forty-five days before the general election.
Very truly yours
 J.D. MacFARLANE Attorney General
SECRETARY OF STATE ELECTIONS
C.R.S. 1973, 1-4-207 C.R.S. 1973, 1-14-301 C.R.S. 1973, 1-14-107 C.R.S. 1973, 1-14-109 C.R.S. 1973, 1-4-208 C.R.S. 1973, 1-4-101
C.R.S. 1973, 1-14-211
SECRETARY OF STATE DEPT. Elections, Div. of
Neither independent nominating petitions nor party petitions for presidential electors have to include the names of the nominees. A petition designating a presidential nominee must also designate a vice-presidential nominee. Certification of nominees should be made by the most reliable official source, in the absence of statute.